FILED
CLERK U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT DISTRICT OF DELAWARE
FOR THE DISTRICT OF DELAWARE

2005 FEB 16  PM 4: 12

KNOWLINGTON O. BURBAGE,           )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     C.A. No. 04-133-SLR
                                  )
CITY OF WILMINGTON, MAYOR         )
JAMES BAKER, POLICE DEPARTMENT )
OF WILMINGTON, DELAWARE,          )
CHIEF MICHAEL SZCZERBA,           )
UNKNOWN SERGEANT,                 )
OFFICER LEARY, OFFICER MYERS,     )
                                  )
            Defendants.           )

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33, Defendants propound the following interrogatories to be answered by plaintiffs. Plaintiffs are to answer separately in writing, under oath, the following interrogatories, within thirty (30) days of the date of service hereof at the offices of the Wilmington Law Department, 9th Floor, 800 French Street, Wilmington, Delaware 19801. These interrogatories are deemed continuing.

## INSTRUCTIONS AND DEFINITIONS

These instructions and definitions form an integral part of these interrogatories which follow:

A.    1.    When used in reference to a natural person, "identify", "identity", or "identification" means to provide the following information about said natural person:

            a.    The person's full name;

            b.    The person's present or last known business and residence address;

            c.    The person's present or last known business or professional affiliation; and

            d.    The person's present or last known business or professional position, including his or her job title and description of his or her job functions, duties, and responsibilities.

            2.    When used in reference to an expert witness, in addition to the information required above, "identify", "identity", or "identification" means to furnish the following information:

        a.      A brief chronological resume of the witness' educational and professional background, including the associations and societies of which he is a member;

        b.      Identification of all documentary materials published by each expert within his field; and

        c.      Identification of all documents examined, prepared, requested or made by each expert with respect to the present case.

        3.      When used in reference to any entity other than a natural person, state:

        a.      Its full name;

        b.      The address of its principal place of business;

        c.      The jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

        d.      The identity of all individuals who acted and/or who authorized another to act on its behalf in connection with the matter referred to;

        e.      In the case of a corporation, the names of its directors and principal officers;

        f.      In the case of any entity other than a corporation, the identities of its partners or principals; and

        g.      If the entity has been dissolved or ceased to exist, the date on which such dissolution occurred.

        4.      When used in reference to a document, state:

        a.      The nature of the document; e.g., letter, contract, memorandum, and any other information; e.g., its title, index, or file number, which would facilitate the identification thereof;

        b.      Its date of preparation;

        c.      Its present location and the identity (as defined above) of its present custodian or, if its present location and custodian are not known, a description of its last known disposition;

        d.      Its subject matter and substance or, in lieu thereof, annex a legible copy of the document to the answers to these interrogatories;

        e.      The identity (as defined above) of each person who performed any function or had any role in connection therewith; e.g., author, contributor of information, recipient, etc. or who has any knowledge thereof, together with a description of each such person's function, role, or

knowledge.

        f.      The identity (as defined above) of your source of all documents, and if the source is any governmental body, the identity (as defined above) of the individual who provided you with the document; and

        g.      Whenever the identification of a document is requested and the document is one of a series of two or more pages, or in the case of magnetic tape, microfilm, print-outs, etc., is contained in a portion thereof, include in your identification of said document the number of particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to in the interrogatory or in your answer appears.

        B.      In answering each interrogatory: (i) identify each document relied upon or which forms the basis for the answer given or the substance of which is given in answer to the interrogatory; (ii) state whether the information furnished is within the personal knowledge of the affiant and, if not, the name and address of each person to whom the information is a matter of personal knowledge, if known; and (iii) in lieu of identifying each document, or stating the "terms" or "substance" of a document, a true and correct copy thereof may be annexed thereto and incorporated in the answers to these interrogatories.

        C.      "You" and "Your", shall mean Plaintiffs in this action, its or his or her agents, officers, directors, and employees, and all other persons acting or purporting to act on its/his or her behalf and all of its (his or her) representatives, including its attorneys.

        D.      "Person" shall mean an individual, firm, partnership, association, corporation or other legal, business or governmental entity.

        E.      "Document" is used as the term is used in Fed. R. Civ. P. 34, and includes without limitation, the following items, whether printed or recorded or reproduced by hand, namely: studies; papers; analyses; evaluations, reports; reviews; agreements; communications, including intra company communications; correspondence; telegrams; cables; memoranda; records; books; summaries of records of personal conversations or interviews; diaries; forecasts; statistical statements; accounts; work papers; graphs; charts; maps; diagrams, blueprints; tables; indices; pictures; recordings; tapes; microfilm; charges; accounts; analytical records; minutes or records of meetings or conferences; reports or summaries of interviews; reports of summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; video tapes; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs of any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; e-mail; and any other document or writing of whatever description, including but not limited to any information contained in any computation although not yet printed out within the possession, custody or control of, or which may be obtained by, the answering party. A draft shall be considered a separate document.

F.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

G.      "Business" means any commercial venture or company, including without limitation, insurance brokerage or agency.

H.      "Communication" means not only oral communications but also "document" (as defined above), whether or not the document or the information it contains was transmitted by its author to any other person.

I.      If you decline to answer any interrogatory on the basis of attorney-client privilege or the work product doctrine, identify the factual basis for the claim in sufficient detail so as to permit the Court to adjudicate the validity of the claim. With respect to those records or documents which are withheld in whole or in part, and for which privilege, attorneys' work product or trial preparation protection is claimed, counsel is requested to provide a list of documents withheld, including a description which includes the identity of the author(s), the date, the recipient(s) and the subject matter and the basis for the privilege asserted and state whether you will submit such documents to the Court for an in camera determination as to the validity of the claim of privilege.

## INTERROGATORIES

1.      State your social security number.

ANSWER:

2.      State the day, month, and year you were born.

ANSWER:

3.      List each address at which you have has resided since age sixteen, and the dates during which you lived at each such address.

ANSWER:

4.    Please state your full driver's license number.

ANSWER:

5.    State the names, last known addresses, and telephone numbers of all persons who have direct knowledge of or were eyewitnesses to facts alleged in the complaint, noting specifically the eyewitnesses.

ANSWER:

6.    Give the names, last known addresses, and telephone numbers of all persons other than those listed in the answers to interrogatories 5 who have knowledge of the facts concerning how the incident occurred.

ANSWER:

7.    State the name and present or last known address of each person who you expect to call as an expert witness at the trial (including all medical personnel).

ANSWER:

8.    State the name, address and telephone number of your family physician.

ANSWER:


9.    State in detail the injuries, illnesses, complaints, or diseases you claim to have sustained as a result of the incident upon which the complaint is based.

ANSWER:


10.    If you have fully recovered from any of the injuries, illnesses, complaints, or diseases listed in the answer to the previous  interrogatories, state when such recovery was made for each.

ANSWER:


11.    If you have not recovered from the injuries, illnesses, complaints, or diseases sustained in the incident upon which the Complaint is based, state in what respect you have not fully recovered.

ANSWER:

12.    Please list all medicine purchased by you or used by you in connection with the treatment of the injuries complained of in this action, specifying the cost thereof, the store from which purchased, the name of said medication, the prescription number, and the doctor who prescribed same.

ANSWER:

13.    State specifically all expenses which have been incurred with regard to the treatment of the injuries alleged in the Complaint (other than medicine listed in response to interrogatory No. 12). In this regard, state specifically:

(a)    The name, last known address, and telephone number of the company, firm, person or institution with whom the expense was incurred:

(b)    The date or dates such expenses were incurred;

(c)    The amount of each expense incurred.

ANSWER:

14.     State whether or not you or any person on your behalf has brought any claims against any other person or organization for the injuries for which this action is brought. If so, state:

(a)     The name, last known address, and telephone number of each such person and/or organization;

(b)     The nature of the claim.

ANSWER:

15.     Do you have a copy of any transcript of testimony or notes taken at any trial or hearing connected with the facts of this case, and if so, state the date same was held, the nature of the trial or hearing, and the names and address of the person or persons whose testimony was taken and the name and address of the person who took the testimony.

ANSWER:

16.    Have you ever instituted a civil action in any court or have you ever been a defendant in a civil action in any court? If so, please state the name and address of the court, the names and addresses of other persons or corporations who were parties to such action, the civil action number, the date (including the year and, if possible, the month) when such action was instituted, and whether or not you were a plaintiff or a defendant.

ANSWER:

17.    Have you ever pleaded guilty to or been convicted of any crime other than traffic violations, and if so, please state:

      (a)    The nature of the offense;

      (b)    The date;

      (c)    The name and number of the court proceeding such as Justice of the Peace Court, Superior Court, etc.

      (d)    The sentence given to you.

ANSWER:

18.     Have you ever entered or been committed to any institution, whether public or private, for the treatment or observation of medical conditions, alcoholism, narcotic addiction or disorders of any kind and if so, state:

      (a)     The name and address of such institution;

      (b)     The length of your stay and the dates thereof;

      (c)     The purpose or reason for your entry to such institution;

      (d)     The name and address of the doctor treating you for such condition.

ANSWER:

19.     State with specificity, and without reference to the Complaint, the factual basis supporting your allegation contained in Paragraph 27 of the Complaint that the Wilmington Police Department has a "propensity to brutalize" arrestees.

ANSWER:



20.     State with specificity, and without reference to the Complaint, the factual basis as to each applicable Defendant for your allegation that your Fourth Amendment rights have been violated.

ANSWER:

21.     State with specificity, and without reference to the Complaint, the factual basis as to each applicable Defendant for your allegation that your Eighth Amendment rights have been violated.

ANSWER:

22.     State with specificity, and without reference to the Complaint, the factual basis as to each applicable Defendant for your allegation that your Fourteenth Amendment rights have been violated.

ANSWER:

23.    State with specificity, and without reference to the Complaint, the factual basis

supporting your allegation contained in Paragraph 35(a) and (b) of the Complaint that Defendants

Leary and Myers have exhibited "a pattern of abuse".

Please include in your answer the following information:

(a)    Name(s) and address(s) of the alleged individual(s) who were arrested and

allege that they were "abused";

(b)    the date of the alleged incident;

(c)    the name(s) of the individual(s) in the Wilmington Police Department who

have knowledge of the above referenced incident;

(d)    how you obtained the above information and from who.

ANSWER:

Rosamaria Tassone, Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801
(302) 576-2175
Attorney for Defendants City of Wilmington,
Mayor James Baker, Police Department of
Wilmington, Chief Michael Szczerba and
Officer Joseph Leary

DATED: February 16, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KNOWLINGTON O. BURBAGE,         )
                                )
            Plaintiff,          )
                                )
        v.                      )        C.A. No. 04-133-SLR
                                )
CITY OF WILMINGTON, MAYOR       )
JAMES BAKER, POLICE DEPARTMENT )
OF WILMINGTON, DELAWARE,        )
CHIEF MICHAEL SZCZERBA,         )
UNKNOWN SERGEANT,               )
OFFICER LEARY, OFFICER MYERS,   )
                                )
            Defendants.         )

## CERTIFICATE OF SERVICE

I, Rosamaria Tassone, Esq., hereby certify that on this 16th day of February, 2005 two copies

of the Defendants' First Set of Interrogatories Directed to Plaintiff were served by U.S. Mail, postage

pre-paid to the following individuals:

Knowlington O. Burbage
Reg. #21524-051
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44415

Rosamaria Tassone, Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801
(302) 576-2175
Attorney for Defendants City of Wilmington,
Mayor James Baker, Police Department of
Wilmington, Chief Michael Szczerba and Officer
Joseph Leary