IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KNOWLINGTON O. BURBAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-133-SLR |
| | ) |
| CITY OF WILMINGTON, MAYOR | ) |
| JAMES BAKER, POLICE DEPARTMENT | ) |
| OF WILMINGTON, DELAWARE, | ) |
| CHIEF MICHAEL SZCZERBA, | ) |
| UNKNOWN SERGEANT, | ) |
| OFFICER LEARY, OFFICER MYERS, | ) |
| | ) |
| Defendants. | ) |

**APPENDIX TO DEFENDANTS CITY OF WILMINGTON, MAYOR JAMES BAKER,
POLICE DEPARTMENT OF WILMINGTON, CHIEF MICHAEL SZCZERBA AND
OFFICER JOSEPH LEARY OPENING BRIEF IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

Rosamaria Tassone, Esquire (I.D. #3546)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants, City of Wilmington

## TABLE OF CONTENTS

Initial Crime Report dated June 21, 2002 .................................... A-1

Affidavit of Joseph F. Leary, Jr. ............................................ A-3

Affidavit of Robert B. Curry ................................................ A-7

Defendants' First Request for Production of Documents Directed to Plaintiff ............ A-11

Defendants' First Set of Interrogatories Directed to Plaintiff ........................ A-14

Plaintiff's Response to Request for the Production of Documents for the Defendants ...... A-27

United States District Court Order dated September 13, 2005 ...................... A-28

Letter to Knowlington O. Burbage from Rosamaria Tassone dated April 12, 2005 ....... A-30

Letter to Knowlington O. Burbage from Rosamaria Tassone dated May 4, 2005 ......... A-31

Letter to Knowlington O. Burbage from Rosamaria Tassone dated May 23, 2005 ........ A-32

Letter to Knowlington O. Burbage from Rosamaria Tassone dated September 19, 2005 ... A-33

Letter to Knowlington O. Burbage from Rosamaria Tassone dated January 13, 2006 ..... A-34

| Page | Report Date | Agency | Complaint# |
|---|---|---|---|
| 1 | 06/21/2002 | Wilmington PD | 30-02-061859 |

**Initial Crime Report**

| Reported Date and Time | Occurr |
|---|---|
| FRI 06/21/2002 1107 | FRI 06/21/2002 1030 thru FRI 06/21/2002 1107 |

**Location:**
3505 MILLER RD   Wilmington, DE 19802
CUMBERLAND FARMS PARKING LOT

**M.O. and Incident Overview:**
The listed defendant was known to have crack-cocaine on his possession from information from a C.I., D-1 was stopped and had on his possession crack-cocaine.

| Grid | Sector | County | Domestic Related | 4-F-14 Sent? | Gen Broadcast Sent? |
|---|---|---|---|---|---|
| 222-222 | | New Castle | ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No |

## Victim Information

| Victim Number | Name |
|---|---|
| 001 | |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|
| Society/Public | | | | | |

| Address | Resident Status | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|---|

| Reporting Person? | Victim Injured? | Victim Deceased? | Officer Comments |
|---|---|---|---|
| ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No | |

Injuries | Description of Injuries

## Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 001 | Defendant | | BURBAGE, KNOWLINGTON | |

| Sex | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | Black | Non-Hispanic | 39 | 01/07/1963 | 5' 04" | 150 | Light Brown | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Black | | | | | | Average | |

| Disguise | Disguise Color(s) | Resident Status | Unusual Characteristics | Armed With |
|---|---|---|---|---|
| | | Full Time | | Unarmed |

| Address | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|
| 1121 REED ST Wilmington, DE 19805 | (302) 575-0405 | | |

| Arrest Number | Arrest Type | Suspect's Clothing Description |
|---|---|---|
| 02002376 | On View | |

## Crimes and Associated Information

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 001 | DE:16:4753:AA2A:F:B | Trafficking in Cocaine 5 Grams to 50 Grams |

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Parking Lot/Garage | Adult Arrest 06/21/2002 | ☐Alcohol ☒Drugs ☐Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | 3553 - Cocaine/Trafficking |

| Burglary Force Involved | Criminal Activity |
|---|---|
| ☐Yes ☒No | Possessing/Concealing |

| Drugs | Property Category | Quantity | Drug Measure | Drug Type | Date Seized |
|---|---|---|---|---|---|
| | Drugs/Narcotics | 15.9 | Gram | Crack Cocaine | |

Extended Description: ONE CLEAR SANDWICH BAG CONTAINING TWO CLEAR KNOTTED PLASTIC BAGS CONTAINING AN OFF WHITE CHUNKY SUBSTANCE.

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 002 | DE:16:4751:000A:F:C | Possession With Intent to Deliver a Narcotic Schedule II Controlled Substance |

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Parking Lot/Garage | Adult Arrest 06/21/2002 | ☐Alcohol ☐Drugs ☐Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | 3556 - Cocaine/Possession with Intent to Deliver |

| Burglary Force Involved | Criminal Activity |
|---|---|
| ☐Yes ☒No | Possessing/Concealing |

| Drugs | Property Category | Quantity | Drug Measure | Drug Type | Date Seized |
|---|---|---|---|---|---|
| | Drugs/Narcotics | 15.9 | Gram | Crack Cocaine | |

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 003 | DE:16:4755:00A5:F:F | Maintaining a Vehicle for Keeping Controlled Substances- |

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Parking Lot/Garage | Adult Arrest 06/21/2002 | ☐Alcohol ☐Drugs ☐Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | 3553 - Cocaine/Trafficking |

| Burglary Force Involved | Criminal Activity |
|---|---|
| ☐Yes ☐No | Possessing/Concealing |

| Drugs | Property Category | Quantity | Drug Measure | Drug Type | Date Seized |
|---|---|---|---|---|---|
| | Drugs/Narcotics | 15.9 | Gram | Crack Cocaine | |

A-1

| Reporting Officer | Supervisor Approval |
|---|---|
| PTLM MYERS - 7243 2 | THOMAS MONAHAN OJWITHM Date 06/22/2002 0001 |

| Page: 2 | Report Date: 06/21/2002 | Agency: Wilmington PD | | Complaint: 30-02-061859 |
|---|---|---|---|---|

## Victim - Suspect/Defendant Relationships

| Victim - 001<br>Society/Public | Suspect/Defendant - 001<br>BURBAGE, KNOWLINGTON | Victim Offender Relationship<br>Victimless Crime |
|---|---|---|

### Investigative Narrative

On the above date and time 13a (Myers/Leary) received information from a pass proven reliable confidential informant that a drug transaction was going to take place at the Cumberland Farms parking lot between 1030 hours and 1130 hours this date. These officers were given the information that the suspect was going to be a black male driving a red Plymouth Voyager bearing Delaware registration PC47820, and is to be delivering a quarter ounce of crack-cocaine to another unknown black male in the parking lot of Cumberland Farms.

At 1030 hours this date these officers were parked across the street from the Cumberland Farms parking lot, awaiting a call from the confidential informant to advise these officers that the suspect was present. At this time 17a (Chorlton/Curry) were also present, at which point Ptlm.Chorlton was conducting surveillance on the parking lot, awaiting the described suspects vehicle. At 1107 hours this date, the C.I. informed these officers that the suspects vehicle was at the location, at which point Ptlm.Chorlton also confirmed same. At this time these officers entered the Cumberland Farms parking lot in a marked patrol unit, and observed a black male exiting the described red Plymouth Voyager. At this time the suspect (Burbage,Knowlington D.O.B 01-07-63) was approached by these officers and taken into custody and pat searched for officer safety by Ptlm.Myers. At this time Ptlm.Myers recovered a clear sandwich bag containing two clear knottedbags containing an off white chunky substance from the suspects groin area of his pants and $421.00 U.S.C from his front left pocket. D-1 was then advised that he was under arrest. When D-1 was asked what was in the bag, he stated a lot of crack. At this time D-1 and his vehicle was transported to Central without incident.

At Central the substance found on D-1 tested positive for crack-cocaine and had a preliminary weight of 15.9 grams, same was tagged and turned over to records division. The money on D-1 ($421.00 U.S.C) was seized and also turned over to records division. D-1 was then read his Miranda warnings and asked if he had any statements. At this time D-1 stated that he found the crack-cocaine, and stated that he knew he could sell it to somebody and that he was going to meet the person at the Cumberland Farms. D-1 had no further statements. At this time D-1 was booked on the above listed chargesand turned over to the turn-key. D-1's motor vehicle was towed by Tow Zone at Central, impound number 32980.

It should be noted that this incident occurred in the State Of Delaware, County Of New Castle. These officers are sworn members of the Wilmington Department of Police. These officers were acting in said capacity during this incident.

A-2

| Reporting Officer<br>PTLM MYERS   - 7243 2 | Supervisor Approval<br>THOMAS MONAHAN  OJWITHM  Date 06/22/2002 0901 |
|---|---|
| Detective Notified | Referred To |

| Solvability Factors | ☐ Witness<br>☐ Suspect Located | ☐ M. O.<br>☐ Suspect Described | ☐ Trace Stolen Property<br>☐ Suspect Identified | ☐ Suspect Named<br>☐ Suspect Vehicle Identified | Status<br>Has Follow Up |
|---|---|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KNOWLINGTON O. BURBAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-133-SLR |
| | ) |
| CITY OF WILMINGTON, MAYOR | ) |
| JAMES BAKER, POLICE DEPARTMENT | ) |
| OF WILMINGTON, DELAWARE, | ) |
| CHIEF MICHAEL SZCZERBA, | ) |
| UNKNOWN SERGEANT, | ) |
| OFFICER LEARY, OFFICER MYERS, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF JOSEPH F. LEARY, JR.

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS. |
| COUNTY OF NEW CASTLE | ) |

I, JOSEPH F. LEARY, JR., being duly sworn according to law, depose and state that the information contained herein is based on my own personal knowledge and is true and correct:

1. My name is Joseph F. Leary, Jr.

2. I have been a member of the Wilmington Police Department for 7 years.

3. I am currently a detective in the Drug, Organized Crime and Vice Unit of the Wilmington Police Department. I have held this position for 3.5 years. At the time of Plaintiff's arrest, I was assigned to the Patrol Division.

4. On June 21, 2002, I and my partner, Officer James Myers, were contacted by a confidential informant who we had previously arrested on drug related charges. The confidential

A-3

informant advised that a drug transaction involving the suspect would be occurring on this date. The suspect would be delivering a quarter ounce of crack cocaine to an unknown black male. The informant advised that when he purchased drugs from the suspect, the suspect kept the drugs on his person. The informant advised that the suspect was known to frequent the Cumberland Farms convenience store located on Miller Road. The informant described the suspect as a black male driving a red Plymouth Voyager bearing Delaware registration PC 47820. (The suspect was later determined to be Plaintiff Knowlington Burbage).

5. Officer Myers and I met with Officer Robert Curry, a senior officer with several years of experience in the Drug, Organized Crime and Vice Unit, and his partner, Officer David Chorlton, to determine the best location for the operation. It was determined that the parking lot at the Cumberland Farms would be ideal because once Plaintiff parked his vehicle, the officers would be better able to confine him, thereby reducing the risk that Plaintiff could flee the scene in his vehicle. Further, the drug transaction would be occurring between 10:30 am and 11:30 am, a time when there was less pedestrian and vehicular activity at the Cumberland Farms.

6. Officer Myers and I met with Officers Curry and Chorlton at a pre-arranged location. Officer Chorlton took up a position in a secured location where he could surveil the Cumberland Farms parking lot with binoculars. Officer Curry was in a marked police vehicle across from the parking lot. Officer Myers and I were also in a marked police vehicle across from the parking lot. The informant was parked in a vehicle in the parking lot. The informant had a cellular phone in his possession in order to contact us when he could positively identify the Plaintiff.

A-4

7. ...at approximately 7:50 P.M., Officer Chartrand advised that he had observed Plaintiff pulling into the parking lot. The informant also advised that the individual in the van was the suspect, Plaintiff. Plaintiff had exited his vehicle and was walking toward the convenience store.

8. I drove my vehicle into the parking lot and pulled up along the driver's side of Plaintiff's vehicle. Officer Curry pulled up behind Plaintiff's vehicle. Officer Myers exited the police vehicle and approached Plaintiff.

9. Officer Myers asked Plaintiff to stop and approach him. For police officer safety, I observed Officer Myers conduct a quick pat down of Plaintiff's exterior clothing. Officer Myers indicated that he felt a large bulge in the groin area of Plaintiff's pants. I observed Officer Myers pull the waistband of Plaintiff's pants from the front of his body, reach his hand inside Plaintiff's waistband and quickly pull his hand out. When Officer Myers pulled his hand out, I observed that Officer Myers had pulled out a plastic bag containing drugs from Plaintiff's pants. Plaintiff also had $421.00 in his front left pant pocket.

10. Officer Myers' pat down of Plaintiff was completed in a matter of seconds.

11. Plaintiff was then taken into custody and subsequently placed under arrest.

12. At no time did Plaintiff make any complaints while at the Cumberland Farms regarding Officer Myers' search of his person. Further, I am unaware of any complaint made by Plaintiff while in custody.

13. I did not observe Officer Myers groping or grabbing Plaintiff's genitals. Officer Myers very quickly recovered the drugs from Plaintiff's pants. Officer Myers was very professional in the manner in which he recovered the drugs.

14. There was no sergeant present when Plaintiff was arrested.

A-5

15. I do not recall the officer becoming upset or displaying anger at the arrestee's actions.

16. I do not recall using profanity during my encounter with Plaintiff, nor do I recall any other officer using profanity.

17. At no time did I threaten Plaintiff with my weapon. I do not recall having my weapon drawn out of its holster.

18. I am unaware of any complaints filed against me for abusive or inappropriate conduct during an arrest.

19. It is my understanding that the Delaware Attorney General's Office entered a nolle prosequi of the charges resulting from this arrest because Plaintiff was being charged federally with more serious drug related offenses, and not because of any concerns with the arrest itself. I believe they may have been adopted into his federal charges when he was arrested on drug related charges in another state.

_____
Joseph F. Leary, Jr.

SWORN TO AND SUBSCRIBED before me this __17th__ day of __March__, 2006.

_____
Notary Public

DONNA L. KELLAM
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Sept. 3, 2006

A-6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KNOWLINGTON O. BURBAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-133-SLR |
| ) | |
| CITY OF WILMINGTON, MAYOR ) | |
| JAMES BAKER, POLICE DEPARTMENT ) | |
| OF WILMINGTON, DELAWARE, ) | |
| CHIEF MICHAEL SZCZERBA, ) | |
| UNKNOWN SERGEANT, ) | |
| OFFICER LEARY, OFFICER MYERS, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF ROBERT B. CURRY

STATE OF DELAWARE      )
                       )  SS.
COUNTY OF NEW CASTLE   )

I, ROBERT B. CURRY, being duly sworn according to law, depose and state that the information contained herein is based on my own personal knowledge and is true and correct:

1. My name is Robert B. Curry.

2. I have been a member of the Wilmington Police Department for 17 years.

3. I currently hold the rank of Senior Corporal. I am assigned to the Community Policing Unit. During the course of my employment with the City of Wilmington Police Department, I was assigned to the Drug, Organized Crime and Vice Unit of the Wilmington Police Department for 4 ½ years.

4. On or about June 21, 2002, Officers James Myers and Joseph Leary contacted me and

preliminary investigation, it is my understanding that Officers Myers and Leary were contacted by a confidential informant who provided them with reliable information regarding a possible drug transaction. Upon information and belief, the informant advised that the suspect was known to frequent the Cumberland Farms convenience store located in the 3500 block of Miller Road. The informant further advised Officers Myers and Leary that the suspect kept the drugs on his person. The informant described the suspect as a black male driving a red Plymouth Voyager bearing Delaware registration PC 47820. (The suspect was later determined to be Plaintiff Knowlington Burbage).

5. My partner, Officer David Chorlton, and I met with Officers Myers and Leary to determine the best location for the operation. It was determined that the parking lot at the Cumberland Farms would be ideal because once Plaintiff parked his vehicle, the officers would be better able to confine him, thereby reducing the risk that Plaintiff could flee the scene in his vehicle. Further, the drug transaction would be occurring between 10:30 am and 11:30 am, a time when there was less pedestrian and vehicular activity at the Cumberland Farms.

6. Officer Chorlton and I met with Officers Myers and Leary at a pre-arranged location. Officer Chorlton took up a position in a secured location where he could surveil the Cumberland Farms parking lot with binoculars. I was in a marked police vehicle across from the parking lot. Officers Myers and Leary were also in a marked police vehicle across from the parking lot. The informant was parked in a vehicle in the parking lot. The informant had a cellular phone in his possession in order to contact us when he could positively identify the Plaintiff.

7. At approximately 11:00 am, Officer Chorlton advised that he observed Plaintiff's van pulling

into the parking lot. It is my understanding that the informant also advised Officer Leary over the cell phone that the individual in the van was the suspect, Plaintiff. Plaintiff had exited his vehicle and was walking toward the convenience store.

8. Officer Leary drove his vehicle into the parking lot and pulled up along the driver's side of Plaintiff's vehicle. I pulled up behind Plaintiff's vehicle. Either Officer Myers or Officer Leary exited the police vehicle and approached Plaintiff, asking him to stop. At this time, I cannot specifically recall which officer approached Plaintiff.

9. I observed Officer Myers conduct a quick pat down of Plaintiff's exterior clothing for police officer safety which is standard procedure. I recall Officer Myers patting the pants around Plaintiff's ankles and pockets. Due to where I was standing, I was not in a position to see whether Officer Myers reached into the waistband of Plaintiff's pants.

10. As a result of the pat down search, Officer Myers recovered a plastic bag containing drugs from Plaintiff. Plaintiff also had $421.00 in his front left pant pocket.

11. Officer Myers' pat down of Plaintiff was completed in a matter of seconds. The search was not at all extensive.

12. Plaintiff was then taken into custody and subsequently placed under arrest.

13. At no time did Plaintiff make any complaints while at the Cumberland Farms regarding Officer Myers' search of his person. Further, I am unaware of any complaint made by Plaintiff while in custody.

14. I did not observe Officer Myers groping or grabbing Plaintiff's genitals. Officer Myers was very professional in the manner in which he conducted the pat down.

15. There was no sergeant present when Plaintiff was arrested.

16. I do not recall that any officer present expressed any disapproval at the above stated actions.

17. ...did not recall using profanity during my encounter with Plaintiff, nor do I recall any other officer using profanity.

18. At no time did Officer Leary threaten Plaintiff with his weapon, no do I recall any officer with his weapon drawn.

19. Given my years of experience with the Drug Unit and the numerous times I participated in this type of street operation, it is my opinion that the execution of the arrest of Plaintiff was "textbook" and was done in a legally acceptable manner. Both Officers Myers and Leary acted appropriately at all times.

_____
Robert B. Curry

SWORN TO AND SUBSCRIBED before me this 21st day of March, 2006.

_____
Notary Public

DONNA L. KELLAM
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Sept. 3, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KNOWLINGTON O. BURBAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-133-SLR |
| | ) | |
| CITY OF WILMINGTON, MAYOR | ) | |
| JAMES BAKER, POLICE DEPARTMENT | ) | |
| OF WILMINGTON, DELAWARE, | ) | |
| CHIEF MICHAEL SZCZERBA, | ) | |
| UNKNOWN SERGEANT, | ) | |
| OFFICER LEARY, OFFICER MYERS, | ) | |
| | ) | |
| Defendants. | ) | |

2005 FEB 16 PM 4: 12

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the defendants hereby request the plaintiff to produce the following within 30 days of receipt herein. As used herein, documents and things shall include all types of recorded information including but not limited to writings, drawings, graphs, charts, photographs, phonorecords, tapes, computer printouts, and other data compilations from which information can be obtained and translated, if necessary, into a reasonably useable form.

1.  If Plaintiff is alleging a physical or mental injury, copies of all hospital records, doctor's notes and reports concerning any tests performed on or concerning plaintiff and any other matter in writing prepared by or on behalf of any person trained in the healing arts including, without limitation, physicians, psychologists, psychiatrists, or counselors, concerning plaintiff's past, present, or future physical condition insofar as such matters in writing may be in the possession of the Plaintiff or available to him upon request by him to any doctor, hospital, or other person trained in the healing

2.      Copies of any and all statements, itemized bills or canceled checks for all medical expenses, special damages, losses or expenses allegedly incurred by Plaintiff as a result of the incident upon which the Complaint is based.

3.      Copies of any and all written statements or reports of any expert witnesses containing opinions and/or facts upon which opinions are based concerning any aspect of this litigation.

4.      Copies of Plaintiff's Federal and State income tax returns for the ten years prior to the incident alleged in the Complaint and for all years subsequent thereto.

5.      Copies of any and all verification for all wages allegedly lost, if any, as a result of the incident alleged in the Complaint.

6.      Copies of any and all writings which you intend to rely upon in any way at trial.

7.      Copies of all reports of investigation, findings of fact, observation of facts, or circumstances, or any other matter relating to any aspect of the instant litigation.

8.      Copies of all documents relied upon by Plaintiff to answer Defendants' First Set of Interrogatories Directed to Plaintiff.

*Rosamaria Tassone*
Rosamaria Tassone, Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801
(302) 576-2175
Attorney for Defendants City of Wilmington, Mayor James Baker, Police Department of Wilmington, Chief Michael Szczerba and Officer Joseph Leary

DATED: February 16, 2005

A-12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KNOWLINGTON O. BURBAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-133-SLR |
| | ) | |
| CITY OF WILMINGTON, MAYOR | ) | |
| JAMES BAKER, POLICE DEPARTMENT | ) | |
| OF WILMINGTON, DELAWARE, | ) | |
| CHIEF MICHAEL SZCZERBA, | ) | |
| UNKNOWN SERGEANT, | ) | |
| OFFICER LEARY, OFFICER MYERS, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Rosamaria Tassone, Esq., hereby certify that on this 16th day of February, 2005 two copies of the Defendants' First Request for Production of Documents Directed to Plaintiff were served by U.S. Mail, postage pre-paid to the following individuals:

Knowlington O. Burbage
Reg. #21524-051
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44415

*Rosamaria Tassone*
Rosamaria Tassone, Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801
(302) 576-2175
Attorney for Defendants City of Wilmington, Mayor James Baker, Police Department of Wilmington, Chief Michael Szczerba and Officer Joseph Leary

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 FEB 16 PM 4: 12

| | | |
|---|---|---|
| KNOWLINGTON O. BURBAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-133-SLR |
| | ) | |
| CITY OF WILMINGTON, MAYOR | ) | |
| JAMES BAKER, POLICE DEPARTMENT | ) | |
| OF WILMINGTON, DELAWARE, | ) | |
| CHIEF MICHAEL SZCZERBA, | ) | |
| UNKNOWN SERGEANT, | ) | |
| OFFICER LEARY, OFFICER MYERS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33, Defendants propound the following interrogatories to be answered by plaintiffs. Plaintiffs are to answer separately in writing, under oath, the following interrogatories, within thirty (30) days of the date of service hereof at the offices of the Wilmington Law Department, 9th Floor, 800 French Street, Wilmington, Delaware 19801. These interrogatories are deemed continuing.

## INSTRUCTIONS AND DEFINITIONS

These instructions and definitions form an integral part of these interrogatories which follow:

A.  1.  When used in reference to a natural person, "identify", "identity", or "identification" means to provide the following information about said natural person:

   a.  The person's full name;

   b.  The person's present or last known business and residence address;

   c.  The person's present or last known business or professional affiliation; and

   d.  The person's present or last known business or professional position, including his or her job title and description of his or her job functions, duties, and responsibilities.

   2.  When used in reference to an expert witness, in addition to the information required above, "identify", "identity", or "identification" means to furnish the following information:

a. A brief chronological resume of the activity and educational and professional background, including the associations and societies of which he is a member;

    b. Identification of all documentary materials published by each expert within his field; and

    c. Identification of all documents examined, prepared, requested or made by each expert with respect to the present case.

3. When used in reference to any entity other than a natural person, state:

    a. Its full name;

    b. The address of its principal place of business;

    c. The jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

    d. The identity of all individuals who acted and/or who authorized another to act on its behalf in connection with the matter referred to;

    e. In the case of a corporation, the names of its directors and principal officers;

    f. In the case of any entity other than a corporation, the identities of its partners or principals; and

    g. If the entity has been dissolved or ceased to exist, the date on which such dissolution occurred.

4. When used in reference to a document, state:

    a. The nature of the document; e.g., letter, contract, memorandum, and any other information; e.g., its title, index, or file number, which would facilitate the identification thereof;

    b. Its date of preparation;

    c. Its present location and the identity (as defined above) of its present custodian or, if its present location and custodian are not known, a description of its last known disposition;

    d. Its subject matter and substance or, in lieu thereof, annex a legible copy of the document to the answers to these interrogatories;

    e. The identity (as defined above) of each person who performed any function or had any role in connection therewith; e.g., author, contributor of information, recipient, etc. or who has any knowledge thereof, together with a description of each such person's function, role, or